GARTEISER HONEA IP TRIAL BOUTIQUE
Randall Garteiser (Bar No. 231821)
795 Folsom St., Floor 1
San Francisco, CA 94107
(888) 908-4400
Email: rgarteiser@ghiplaw.com

*Attorneys for Plaintiff Speech Transcription LLC*

PERKINS COIE LLP
Gene W. Lee (*pro hac vice*)
1155 Avenue of the Americas, 22nd Floor
New York, NY 10112
(212) 262-6900
Email: GLee@perkinscoie.com

PERKINS COIE LLP
Nathan B. Sabri (Bar No. 252216)
505 Howard Street, Suite 1000
San Francisco, CA 94105
(415) 344-7000
Fax: (415) 344-7050
Email: NSabri@perkinscoie.com

*Attorneys for Defendant SentinelOne, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SPEECH TRANSCRIPTION, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SENTINELONE, INC.,<br><br>    Defendant. | Case No. 3:24-cv-01228-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 9, 2024<br>Time: 1:30 p.m.<br>Courtroom: Zoom webinar<br>Judge: Hon. Jacqueline Scott Corley |

Plaintiff Speech Transcription, Inc., ("Speech Transcription" or "Plaintiff") and Defendant SentinelOne, Inc., ("SentinelOne" or "Defendant") submit this Joint Case Management Statement under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, and the Standing Order for All Judges of the Northern District of California titled "Contents of Joint Case Management Statement."

**1. Jurisdiction and Service**

This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the U.S. Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271.  No party contests personal jurisdiction or service.  Venue is also proper.  This case was originally filed in the Southern District of Florida (Case No. 0:23-CV-62432-RS, Dkt. No. 1), and the parties stipulated and jointly moved for an order transferring the case to this District.  *See* Case No. 3:24-cv-01228-JSC, Dkt. Nos. 20-21.

**2. Facts**

On December 29, 2023, Speech Transcription filed a Complaint against SentinelOne in the Southern District of Florida ("the Florida case") asserting U.S. Patent No. 8,938,799 ("the '799 Patent").  *See* Case No. 0:23-CV-62432-RS, Dkt. No. 1.  The Florida case was assigned to Judge Rodney Smith.  *See id.*, Dkt. No. 2.  On February 26, 2024, SentinelOne filed a motion to dismiss Speech Transcription's Complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that the claims of the '799 Patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101 (the "motion to dismiss").  *See id.*, Dkt. No. 19.

On February 28, 2024, the parties stipulated and jointly moved for an order transferring the Florida case to this District.  *See id.*, Dkt. No. 20.  Judge Smith granted the transfer the following day and denied SentinelOne's pending motion to dismiss as moot.  *See id.*, Dkt. No. 21.  On March 5, 2025, the Florida case was transferred to this Court.  *See* 3:24-cv-01228-JSC, Dkt. No. 22.

After transfer, this case was originally assigned to Judge Virginia K. DeMarchi but was later reassigned to Judge Jacqueline Scott Corley.  *See id.*, Dkt. Nos. 23, 26-29.

SentinelOne plans to refile its motion to dismiss.  On March 14, 2024, counsel for SentinelOne made an inquiry to this Court's courtroom deputy about when SentinelOne should refile

its motion to dismiss and was informed that SentinelOne can file immediately or wait until after the Initial Case Management Conference, which is set for May 9, 2024. SentinelOne plans to refile its motion to dismiss shortly after the Initial Case Management Conference.

### 3. Legal Issues

The parties currently believe that the principal disputed legal issues are:

- The proper construction of any disputed claim terms;
- Whether SentinelOne infringes any claims of the '799 Patent under 35 U.S.C. § 271;
- Whether the '799 Patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112; and
- Whether Speech Transcription is entitled to damages as a result of the alleged infringement of the '799 Patent under 35 U.S.C. § 284, and if so, the amount.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4. Motions

There are no pending motions at this time. SentinelOne plans to refile its motion to dismiss Speech Transcription's Complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that the claims of the '799 Patent are directed to patent ineligible subject matter under 35 U.S.C. § 101, shortly after the Initial Case Management Conference.

The parties also anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

### 5. Amendment of Pleadings

The parties do not expect additional parties to appear in this action. The parties agree that the deadline for joining parties and amending the pleadings should be in accordance with the proposed schedule set forth in Appendix A.

### 6. Evidence Preservation

The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. The parties met and conferred at

their Rule 26(f) conference regarding evidence preservation. The parties have discussed the need for preservation of all potentially relevant data and have agreed to preserve the same.

**7. Disclosures**

The parties exchanged initial disclosures under Fed. R. Civ. P. 26 on February 24, 2024.

SentinelOne contends that Speech Transcription's initial disclosures are deficient—for example, because they do not identify any person associated with Speech Transcription having knowledge of relevant facts.

**8. Discovery**

    **a. Protective Order**

The parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery. The parties plan to negotiate the protective order and will submit a final proposed order in accordance with the due dates set forth in Appendix A. In the meantime, the Court's form protective order governs this action pursuant to Patent Local Rule 2-2.

    **b. Limits to Discovery Requests and Depositions**

At this time, the parties do not anticipate a need to limit or modify the limits by the Federal Rules of Civil Procedure.

    **c. Electronically Stored Information (ESI)**

The parties agree that documents shall be produced in full-text searchable single-page TIFF format images or PDFs with unitizing load files if the size of the production exceeds 30 MB, and that reasonable efforts will be made to suppress duplicates and near duplicates. The parties agree that all documents will be exchanged on discs, by email, or other digital storage medium (including but not limited to "zip" files and FTP transfer). The parties will continue to meet and confer in good faith regarding the appropriate format for ESI production (e.g., the proper metadata fields to include, etc.). To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, the parties have agreed that they will meet and confer in good faith concerning such alternative product arrangements. The parties agree to the Model Stipulated Order re: Discovery of Electronically Stored Info (Patent Cases) and will submit a proposed order to that

effect in accordance with the due dates set forth in Appendix A.

### d. Electronic Service

The parties agree to accept service by email. Each counsel will establish an email distribution list accessible through a single external email address. Service by email will be treated as service by hand delivery. The parties agree that service by email by 11:59 p.m. Pacific time on a given day will be treated as service by personal delivery that day. The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer immediately following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

### e. Privilege Logs

The parties agree that privileged communications and documents covered by work product protection that are dated on or after December 29, 2023, need not be included in any privilege log. This applies only to the parties and their counsel of record in this action or their in-house counsel. In addition, nothing herein precludes any party from arguing any alleged waiver of the attorney-client privilege by the other party.

The parties further agree that, pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not necessarily a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not necessarily itself a waiver in this case or in any other federal or state proceeding.

### f. Expert Discovery

The parties agree that the protections from discovery provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. In accordance with Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final

report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless considered by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials which he or she considered (other than documents produced in discovery).

### 9. Class Actions

This litigation is not a class action.

### 10. Related Cases

Speech Transcription has filed 13 lawsuits asserting the '799 Patent. Ten of those cases settled at an early stage. Apart from the present action, two cases remain pending:

- *Speech Transcription, LLC v. Exabeam, Inc.*, 2:23-cv-00605-JRG-RSP (E.D. Tex. Dec. 15, 2023); and
- *Speech Transcription, LLC v. Vectra AI, Inc.*, 1:23-cv-01528-RP (W.D. Tex. Dec. 15, 2023).

### 11. Relief

Speech Transcription seeks entry of judgment finding that SentinelOne infringes the '799 Patent. Speech Transcription seeks an order enjoining SentinelOne from further infringement of the '799 patent and monetary damages, including damages based an amount no less than a reasonable royalty. Speech Transcription further seeks an award of pre-judgment and post-judgment interest and costs. Speech Transcription seeks other relief available under applicable law.

As noted above, SentinelOne plans to refile its motion to dismiss asserting that the claims of the '799 Patent are directed to patent ineligible subject matter under 35 U.S.C. § 101 shortly after the Initial Case Management Conference. SentinelOne reserves the right to seek all relief available under applicable law, including pursuant to all applicable counterclaims.

### 12. Settlement and ADR

As required by ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures, and considered whether this case would benefit from an ADR procedure. *See* 3:24-cv-01228-JSC, Dkt. Nos. 34-35 (ADR Certifications). The parties have

indicated their preference to discuss ADR selection at the case management conference. *See id*., Dkt. No. 35.

**13. Other References**

The parties agree that at this time this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Given the early stage of this case and the fact that discovery has not yet begun, the parties have not at this time identified issues that can be narrowed by motion or stipulation, although the parties do anticipate filing dispositive motions seeking to narrow the issues for trial. The parties may also be able to narrow certain issues via stipulated facts once discovery has progressed.

**15. Scheduling**

The parties' joint scheduling proposals are set forth in the chart attached hereto as Appendix A.

**16. Trial**

The parties request trial by jury and anticipate the trial will require approximately 7 court days.

**17. Disclosure of Non-party Interested Entities or Persons**

Speech Transcription has not yet filed a Certification of Interested Entities or Persons under Civil Local Rule 3-15.

SentinelOne has filed a Certification of Interested Entities or Persons.

**18. Professional Conduct**

The parties have confirmed that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other Matters**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

       **a. Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The Parties propose the deadlines set forth in the attached proposed case schedule in Appendix A.

       **b. Claim Construction Discovery**

The parties' proposed schedule (Appendix A) address timing of fact discovery (including damages discovery), as well as the timing of claim construction discovery required under the Patent Local Rules.

       **c. Format for Claim Construction Hearing**

With respect to the format of the Claim Construction Hearing, the parties reserve the right to provide live testimony from experts during the hearing.

       **d. How the Parties Intend to Educate the Court on the Technology**

The parties recommend that the Court conduct a technology tutorial at the Claim Construction Hearing to allow the parties and potentially experts to educate the Court regarding the subject matter of the '799 Patent.

       **e. Damages Estimate**

Speech Transcription seeks monetary damages, including damages based an amount no less than a reasonable royalty. Speech Transcription further seeks an award of pre-judgment and post-judgment interest and costs. Speech Transcription seeks other relief available under applicable law.

SentinelOne has not sought any monetary damages to date. SentinelOne reserves the right to seek all relief available under applicable law, including all applicable counterclaims.

**Appendix A:**
**Proposed Case Schedule**

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | Served on February 24, 2024 |
| Initial Case Management Conference | May 9, 2024 |
| Proposed Joint Protective Order and Proposed Order for Discovery of Electronically Stored Information. | May 30, 2024 |
| Infringement Contentions & Accompanying Production  Pat. L.R. 3-1 & 3-2 | 14 days after Initial Case Management Conference |
| Invalidity Contentions & Accompanying Production  Pat. L.R. 3-3 & 3-4 | 45 days after service of Infringement Contentions |
| Exchange of Terms for Construction  Pat. L.R. 4-1 | 14 days after service of Invalidity Contentions |
| Exchange of Preliminary Constructions and Extrinsic Evidence  Pat. L.R. 4-2 | 21 days after Exchange of Terms for Construction |
| Plaintiff's Damages Contentions  Pat. L.R. 3-8 | 50 days after service of Invalidity Contentions |
| Joint Claim Construction & Prehearing Statement  Pat. L.R. 4-3 | 60 days after service of Invalidity Contentions |
| Defendants' Responsive Damages Contentions  Pat. L.R. 3-9 | 30 days after service of Damages Contentions |
| Completion of Claim Construction Discovery  Pat. L.R. 4-4 | 30 days after service and filing of Joint Claim Construction & Prehearing Statement |
| Opening Claim Construction Brief  Pat. L.R. 4-5(a) | 45 days after service and filing of Joint Claim Construction & Prehearing Statement |

| | |
|---|---|
| Deadline to Amend Pleadings Without Leave of Court<br><br>FRCP 15(a)(1)(B) | As provided under the Federal Rules of Civil Procedure or the Local Rules of this Court |
| Responsive Claim Construction Brief<br><br>Pat. L.R. 4-5(b) | 14 days after service of Opening Claim Construction Brief |
| Reply Claim Construction Brief<br><br>Pat. L.R. 4-5(c) | 7 days after service of Responsive Claim Construction Briefs |
| Claim Construction Hearing<br><br>Pat. L.R. 4-6 | 2 weeks after submission of Reply Claim Construction Brief |
| Advice of Counsel Production<br><br>Pat. L.R. 3-7 | 30 days after service of the Court's Claim Construction Ruling |
| Close of Fact Discovery | 60 days after service of the Court's Claim Construction Ruling |
| Opening Expert Reports | 45 days after close of fact discovery |
| Rebuttal Expert Reports | 30 days after opening expert reports |
| Close of Expert Discovery | 30 days after rebuttal expert reports |
| Opening Summary Judgment Briefs | 21 days after opening summary judgment briefs |
| Responsive Summary Judgment Briefs | 14 days after opening summary judgment briefs |
| Reply Summary Judgment Briefs | 14 days after opening summary judgment briefs |
| Summary Judgment Hearing | At the convenience of the Court |

| Pretrial Conference | At the convenience of the Court |
|---|---|
| Trial | At the convenience of the Court |

Dated: May 2, 2024

| | |
|---|---|
| **GARTEISER HONEA IP TRIAL BOUTIQUE** | **PERKINS COIE LLP** |
| */s/ Randall Garteiser (w/permission)* <br> Randall Garteiser <br> 795 Folsom St., Floor 1 <br> San Francisco, CA 94107 <br> (888) 908-4400 <br> Email: rgarteiser@ghiplaw.com <br><br> *Attorneys for Plaintiff Speech Transcription LLC* | */s/ Gene Lee* <br> Gene W. Lee (*pro hac vice*) <br> 1155 Avenue of the Americas, 22nd Floor <br> New York, NY 10112 <br> (212) 262-6900 <br> Email: GLee@perkinscoie.com <br><br> Nathaniel Bryan Sabri <br> 505 Howard Street, Suite 1000 <br> San Francisco, CA 94105 <br> (415) 344-7000 <br> Fax: (415) 344-7050 <br> Email: NSabri@perkinscoie.com <br><br> *Attorneys for Defendant SentinelOne, Inc.* |

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories to this document concur in its filing.

Dated: May 2, 2024                     */s/ Gene Lee*_____
                                                        Gene W. Lee